UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATROY TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LANCE ARAKAKI, et al.,<br><br>　　　　Defendants. | Case No.: 1:14-cv-00479-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br>(ECF No. 17) |

　　　　Plaintiff Latroy Taylor ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 4, 2014.  Plaintiff consented to the jurisdiction of a United States Magistrate Judge.  (ECF No. 5.)

　　　　On January 7, 2015, the Court dismissed Plaintiff's first amended complaint with leave to amend within thirty days.  (ECF No. 8.)  Plaintiff filed a second amended complaint on April 1, 2015.  The amended complaint concerns allegations of deliberate indifference to serious medical needs in violation of the Eighth Amendment against prison medical staff at Corcoran State Prison.  (ECF No. 15.)

　　　　On April 1, 2015, Plaintiff filed a motion for a preliminary injunction.  Plaintiff seeks pain medication from prison medical staff at Kern Valley State Prison.  (ECF No. 17, pp. 2-3.)

　　　　"A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 101-102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

In this instance, the Court has not screened Plaintiff's second amended complaint to determine whether it states a cognizable claim. However, even if Plaintiff is able to state a cognizable claim, he seeks relief from non-parties to this action. The Court therefore lacks jurisdiction to issue a preliminary injunction directed at Kern Valley State Prison medical staff. See, e.g., Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110, 89 S.Ct. 1562, 1569 (1969).

Accordingly, Plaintiff's motion for a preliminary injunction, filed on April 1, 2015, is HEREBY DENIED.

IT IS SO ORDERED.

Dated: **April 7, 2015**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE