UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATROY TAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>LANCE ARAKAKI, et al.,<br><br>        Defendants. | Case No.: 1:14-cv-00479-BAM (PC)<br><br>SCREENING ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

**I.  Screening Requirement and Standard**

Plaintiff Latroy Taylor ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On March 2, 2015, the Court dismissed Plaintiff's first amended complaint with leave to amend. Plaintiff's second amended complaint, filed on April 1, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at Kern Valley State Prison. The events in the complaint are alleged to have occurred at California State Prison-Corcoran ("Corcoran"). Plaintiff names the following defendants: (1) Dr. Beroqouskya; (2) M. J. Carpenter, D.D.S; (3) Andrew Elms, D.D.S; (4) Lance Arakaki; (5) J. McQuirter, D.D.S.; (6) Robert Pringle, D.D.S.; and (7) Teresa Macias. Plaintiff brings suit against defendants in their individual and official capacities.

On April 11, 2013, Plaintiff alleges that he suffered a botched dental procedure that was abandoned by Defendant Arakaki. Plaintiff contends that Defendant Arakaki, in preparation for a crown of tooth #30, used a large needle to numb Plaintiff's lower right jaw with three injection that were forcefully dug too deep, glancing off of or into bone. Failing to numb the target tooth, Dr. Arakaki terminated the procedure. After returning to his cell, Plaintiff had some bleeding.

On April 18, 2013, one week later, Plaintiff saw Defendant Elms. In lieu of a crown, Defendant Elms opted to fill tooth #30. After another painful and very deep injection, Defendant Elms was able to numb and fill the tooth.

In the days that followed, Plaintiff's jaw became increasingly more painful and began to clench, pop, and, by April 24, 2013, lock. Plaintiff notified unit staff that he needed medical attention as soon as possible. Plaintiff turned in a medical slip and asked for emergency medical attention on April 26, 2013. The unit medical technical assistant processed the medical slip. On the same day, Plaintiff again asked for emergency medical attention because his jaw was locking, he was in serious pain, he could not eat/chew, his jaw was swollen and he couldn't sleep. Plaintiff received triage from the registered nurse on April 27 and 28, 2013.

On April 29, 2013, Plaintiff was taken for emergency treatment at the central clinic/infirmary. Plaintiff saw Defendant Beroqouskya, who diagnosed Plaintiff with tetanus of the jaw and gave Plaintiff an injection of Cogentin. Instead of being admitted for treatment, Plaintiff was discharged with a dental referral. Plaintiff remained in pain and was unable to eat or sleep.

Two days later, Plaintiff saw Defendant Carpenter. Without any diagnostic testing, Defendant Carpenter changed the diagnosis to trismus and ordered a liquid diet. Although Plaintiff requested admittance to a hospital, he was discharged. Plaintiff remained in pain. His jaw was clenching, causing cramps and headaches. Plaintiff continued to seek medical help because he was denied pain relief medication.

On May 9, 2013, Plaintiff saw Defendant Elms, who assured Plaintiff an oral surgeon would help. Plaintiff was asked to be patient and continue his liquid diet. Plaintiff was denied pain medication or muscle relaxers. He also was denied admittance for tetanus or trismus.

Plaintiff filed an emergency appeal for medical attention from an oral surgeon.

On May 21, 2013, Plaintiff saw Dr. Arakaki, but was denied treatment and pain medication or muscle relaxers.

At some point, Plaintiff's appeal was screened and he was denied emergency status. Plaintiff refiled his appeal on June 3, 2013.

On June 13, 2013, Plaintiff saw Defendant McQuirter, an oral surgeon/specialist. Defendant McQuirter diagnosed Plaintiff with trismus/temporomandibular joint syndrome. Plaintiff alleges that Defendant McQuirter denied pain/muscle relaxer medication and that Defendant McQuirter's notes contradicted what Plaintiff told him.

On July 8, 2013, Plaintiff filed a staff complaint against Defendant McQuirter for false reports and requested a second opinion. Plaintiff continued to have occasional, but significant pain with popping and locking of his jaw. Despite receiving a second opinion, Plaintiff still has aching, popping of the jaw, trouble sleeping, and minor depression. Plaintiff alleges that he is facing future damage to his teeth.

Plaintiff alleges deliberate indifference to a serious medical need in violation of the Eighth Amendment. He seeks compensatory and punitive damages, along with declaratory and injunctive relief.

### III. Discussion

#### A. Eleventh Amendment – Official Capacity

To the extent Plaintiff seeks to bring a claim for damages against defendants in their official capacities, he may not do so. The Eleventh Amendment prohibits suits for monetary damages against a State, its agencies, and state officials acting in their official capacities. Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). As such, the Eleventh Amendment bars any claim for monetary damages against defendants in their official capacities.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects'

4

another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In his complaint, Plaintiff fails to specifically identify or link Defendants Pringle and Macias to his constitutional claim(s). If Plaintiff elects to amend his complaint, he must identify each defendant and then allege what each individual defendant did or did not do that resulted in a violation of his constitutional rights.

### C. Deliberate Indifference to Serious Medical Needs

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition

does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Andrew Elms

Plaintiff alleges that he received a filling from Defendant Elms on April 18, 2013. Thereafter, Plaintiff saw Defendant Elms on May 9, 2013, but was denied pain medication for his jaw condition. The Court finds that Plaintiff has failed to state a cognizable claim against Defendant Elms for deliberate indifference to serious medical needs. With respect to the filling on April 18, 2013, Plaintiff's mere disagreement with the form of treatment is not sufficient to state a claim. Sanchez, 891 F.2d at 242. With respect to the purported failure to prescribe pain medication on May 9, 2013 or other treatment, Plaintiff's allegations are contradicted by the exhibits to his complaint. The attached exhibits indicate that Defendant Elms prescribed Ibuprofen and discussed alternative treatments, such as massage, compress, and stretching. A referral to an oral surgeon also was completed. (ECF No. 15, p. 29.) Plaintiff's mere disagreement with the form of treatment is not sufficient to state a cognizable claim. Sanchez, 891 F.2d at 242. Further, any purported negligence on the part of Defendant Elms does not give rise to a constitutional violation. Estelle, 429 U.S. at 106.

Dr. Beroqouskya

Plaintiff alleges that Defendant Beroqouskya evaluated Plaintiff and diagnosed him with tetanus on April 29, 2013. Defendant Beroqouskya reportedly gave Plaintiff an injection of Cogentin, but Plaintiff remained in pain. Plaintiff has not stated a cognizable deliberate indifference claim against Defendant Beroqouskya. At best, Plaintiff has alleged that the treatment provided by Defendant Beroqouskya was not effective in resolving Plaintiff's condition. This is not sufficient to support a deliberate indifference claim. Sanchez, 891 F.2d at 242.

///

Defendant Carpenter

Plaintiff alleges that Defendant Carpenter diagnosed him with trismus without any diagnostic testing. Although Defendant Carpenter ordered a liquid diet, he allegedly failed to admit Plaintiff to a hospital or prescribe any pain relief medication. Plaintiff's mere disagreement with the treatment provided by Defendant Carpenter is not sufficient to state a cognizable claim for deliberate indifference to serious medical needs. Sanchez, 891 F.2d at 242.

Lance Arakaki

Plaintiff alleges that Defendant Arakaki abandoned treatment of Plaintiff's tooth on April 11, 2013, because he could not numb it. Plaintiff further alleges that he saw Defendant Arakaki again on May 21, 2013, but was denied treatment, pain medication and muscle relaxers. Plaintiff's allegations are not sufficient to state a claim for deliberate indifference to serious medical need against Defendant Arakaki. In connection with treatment on April 11, 2013, Defendant Arakaki was unable to continue because of an inability to numb Plaintiff's tooth, not because of indifference. In connection with treatment on May 21, 2013, Plaintiff does not provide sufficient factual allegations regarding his interactions with Defendant Arakaki on that date to state a claim for relief. Further, exhibits attached to Plaintiff's amended complaint suggest that less than a month later Plaintiff had only mild tenderness on exam, no locking or popping, no gross signs of infection and his condition appeared to be resolving. (ECF No. 15, p. 30).

J. McQuirter, D.D.S.

Plaintiff alleges that Defendant McQuirter, an oral surgeon/specialist, diagnosed him with trismus/temporomandibular joint syndrome on June 13, 2013. Plaintiff further alleges that Defendant McQuirter denied him pain/muscle relaxer medication and that Defendant McQuirter's notes contradicted what Plaintiff said.

To the extent that Plaintiff disagrees with the course of treatment provided by Defendant McQuirter, Plaintiff fails to state a cognizable deliberate indifference claim. Sanchez, 891 F.2d at 242. To the extent Plaintiff complains that Defendant McQuirter failed to accurately reflect Plaintiff's statements, this also is insufficient to support a deliberate indifference claim. According to those exhibits, and as discussed above, Defendant McQuirter's assessment was completed following an

objective examination. During that examination, Defendant McQuirter found no gross tender signs of infection, no locking or popping and only mild tenderness over the right TMJ. Defendant McQuirter believed that Plaintiff's right TMJ pain and trismus appeared to be resolving. (ECF No. 15, p. 30.) Plaintiff's disagreement with Defendant McQuirter's diagnosis does not state a cognizable claim. Sanchez, 891 F.2d at 242.

### D. Grievance Procedure

Although not clear, Plaintiff appears to be complaining about the denial of his inmate grievances. Plaintiff cannot pursue any claims against staff relating to their involvement in the administrative review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### IV. Conclusion and Order

Plaintiff fails to state a cognizable claim. However, as Plaintiff has identified new defendants to his claims and in an abundance of caution, the Court will grant Plaintiff a final opportunity to cure the identified deficiencies which Plaintiff believes, in good faith, are curable. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's second amended complaint is dismissed with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a third amended complaint; and

4. <u>If Plaintiff fails to file a third amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order and failure to state a claim.</u>

IT IS SO ORDERED.

Dated:   **August 5, 2015**              /s/ *Barbara A. McAuliffe*          
                                                              UNITED STATES MAGISTRATE JUDGE