UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATROY TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>LANCE ARAKAKI, et al.,<br><br>    Defendants. | Case No.: 1:14-cv-00479-BAM (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |

**I.     Screening Requirement and Standard**

Plaintiff Latroy Taylor ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed a consent to magistrate judge jurisdiction. (Doc. 5.) On August 6, 2015, the Court dismissed Plaintiff's second amended complaint with leave to amend. Plaintiff's third amended complaint, filed on October 15, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at California State Prison-Corcoran ("Corcoran"). Plaintiff names the following defendants: (1) Dr. Lance Arakaki; (2) Dr. Andrew Elms; (3) Dr. D. Beregouskya; (4) Dr. Joseph L. McQuirter; (5) J. Rodriguez; and (6) Dr. Mel J. Carpenter.

Plaintiff alleges: On April 11, 2013, Plaintiff was seen in the prison facility dental clinic by Defendant Arakaki to repair a tooth in the right side of his mouth. However, after several attempts to inject Plaintiff with the numbing medication, each of which failed and inflicted pain, Defendant Arakaki rescheduled Plaintiff for another dental appointment.

On April 18, 2013, Plaintiff returned to the prison facility dental clinic as rescheduled and was seen by Defendant Elms. Defendant Elms began to inject Plaintiff with a numbing medication and intentionally probed deeper into his gum with the injection and struck a nerve with the needle that

immediately caused Plaintiff to suffer extremely severe pain and discomfort that lasted several days after the tooth was repaired.

On April 27, 2013, Plaintiff was seen and examined by Nurse Lewis, at which time it was noted that Plaintiff was in extreme pain and discomfort, his jaw was locking up, he could no longer open his mouth fully, he was unable to chew his food and he had numbness and a popping sound in his right jaw several days after his dental procedure had been completed. No medication was prescribed to alleviate the pain and suffering.

On April 29, 2013, Plaintiff was seen by Nurse Jarrett and Defendant Beregouskya. Plaintiff was diagnosed as suffering from Tetanus (lockjaw) with limited movement and the ability to open his mouth 3cm. Defendant Beregouskya ignored Plaintiff's complaint of severe pain, popping sounds coming from his jaw and numbness. Defendant Beregouskya refused to prescribe any pain medication to alleviate Plaintiff's suffering.

On May 2, 2013, Plaintiff was examined by Defendant Carpenter. Plaintiff was diagnosed as suffering from Trismus and it was noted Plaintiff was in pain and could barely open his mouth. Defendant Carpenter ordered x-rays and Boost Plus food supplements. Defendant Carpenter also scheduled Plaintiff to see an oral surgeon. Plaintiff alleges, however, that Defendant Rodriguez refused to prescribe any pain medication.

On May 9, 2013, Defendant Elms examined Plaintiff and diagnosed him with Trismus. Plaintiff was prescribed medication for pain, which had little to no effect.

On May 21, 2013, Defendant Arakaki examined Plaintiff and diagnosed him as suffering from Trismus. It was noted that Plaintiff's jaw locked up, he could not fully open his mouth and he was in severe pain. Defendant Arakaki denied Plaintiff's request for stronger medication or a medication refill.

On June 13, 2013, Plaintiff was seen by Defendant McQuirter, but not examined. Plaintiff alleges that Dr. McQuirter falsified Plaintiff's medical record with fraudulent statements allegedly made by Plaintiff in order to intentionally deny Plaintiff necessary surgery.

Plaintiff alleges cruel and unusual punishment in violation of the Eighth Amendment. He seeks compensatory and punitive damages, along with declaratory relief.

### III. Discussion

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096. A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm, Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere

disagreement with diagnosis or treatment does not support a claim of deliberate indifference. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989).

### Dr. Arakaki

Plaintiff alleges that Defendant Arakaki rescheduled Plaintiff for treatment of his tooth on April 11, 2013, because he could not numb it. This allegation fails to state a cognizable claim for deliberate indifference to serious medical needs. Rather, it suggests that Dr. Arakaki was unable to continue treatment because of an inability to numb Plaintiff's tooth, not because of indifference. Plaintiff further admits that Dr. Arakaki rescheduled his treatment, which was completed on April 18, 2013.

Plaintiff also alleges that Defendant Arakaki examined Plaintiff, diagnosed him as suffering from Trismus, and reportedly denied Plaintiff's request for stronger medication or a medication refill. This allegation fails to state a cognizable claim for deliberate indifference to serious medical needs. According to Plaintiff's allegations, he was prescribed pain medication by Dr. Elms on May 9, 2013, and Defendant Arakaki declined to prescribe stronger medication on May 21, 2013. Plaintiff's mere disagreement with Defendant Arakaki's treatment decision is not sufficient to support a claim for deliberate indifference. <u>Sanchez</u>, 891 F.2d at 242. Moreover, it appears that Plaintiff has excluded exhibits from his amended complaint demonstrating that less than a month later Plaintiff had only mild tenderness on exam, no locking or popping, no gross signs of infection and his condition appeared to be resolving. (ECF No. 15, p. 30).

### Dr. Elms

Plaintiff alleges that on April 18, 2013, Defendant Elms injected Plaintiff with a numbing medication, probing deep into his gums and striking a nerve, which cause pain and discomfort lasting several days after Plaintiff's tooth was repaired. Plaintiff also alleges that Defendant Elms examined Plaintiff, diagnosed him with Trismus, and prescribed pain medication on May 9, 2013.

The Court finds that Plaintiff has failed to state a cognizable claim against Defendant Elms for deliberate indifference to serious medical needs. At best, Plaintiff has alleged negligence with respect to Dr. Elms' injection into Plaintiff's gums. Mere negligence, however, is not sufficient to state a

claim for violation of Plaintiff's constitutional rights. See Broughton, 622 F.2d 460; Estelle, 429 U.S. at 105-06.

To the extent Plaintiff disagrees with the pain medication prescribed by Dr. Elms, this also is not sufficient to state a cognizable section 1983 claim. Plaintiff's mere disagreement with the form of treatment is not sufficient to state a cognizable claim. Sanchez, 891 F.2d at 242.

Dr. Beregouskya

Plaintiff alleges that Defendant Beroqouskya evaluated Plaintiff and diagnosed him with tetanus on April 29, 2013. Plaintiff further alleges that Defendant Beregouskya ignored Plaintiff's complaint of severe pain, popping sounds coming from his jaw and numbness and refused to prescribe any pain medication to alleviate Plaintiff's suffering.

Plaintiff appears to omit facts from his second amended complaint indicating that Defendant Beregouskya gave him an injection of Cogentin, which Plaintiff alleged did not help. (ECF No. 15, p. 7). Plaintiff may not simply omit allegations in an effort to state a cognizable claim. The Court finds that Plaintiff has not stated a cognizable deliberate indifference claim against Defendant Beroqouskya. At best, Plaintiff has alleged that the treatment provided by Defendant Beroqouskya was not effective in resolving Plaintiff's condition. This is not sufficient to support a deliberate indifference claim. Sanchez, 891 F.2d at 242.

Defendant Carpenter

Plaintiff alleges that Defendant Carpenter examined him, diagnosed Trismus, ordered x-rays and Boost Plus food supplements and scheduled Plaintiff to see an oral surgeon. The Court finds that Plaintiff has failed to state a cognizable deliberate indifference claim against Defendant Carpenter. To the extent Plaintiff disagrees with the form of treatment, this is not sufficient to state a cognizable claim. Sanchez, 891 F.2d at 242.

J. McQuirter, D.D.S.

Plaintiff alleges that he was seen by Defendant McQuirter, but not examined by him, and that Defendant McQuirter falsified Plaintiff's medical record. Again, Plaintiff appears to omit prior allegations and exhibits in an effort to state a claim against Defendant McQuirter. In his prior complaint, Plaintiff did not allege that Defendant McQuirter failed to examine him. Further, exhibits

6

attached to the second amended complaint indicated that Defendant McQuirter's assessment of Plaintiff was completed following an objective examination. During that examination, Defendant McQuirter found no gross tender signs of infection, no locking or popping and only mild tenderness over the right TMJ. Defendant McQuirter believed that Plaintiff's right TMJ pain and trismus appeared to be resolving. (ECF No. 15, p. 30). Plaintiff's disagreement with Defendant McQuirter's diagnosis does not state a cognizable claim. Sanchez, 891 F.2d at 242.

Plaintiff has been unable to cure the deficiencies in his claim against Defendant McQuirter.

Defendant Rodriguez

Plaintiff alleges that Defendant Rodriguez refused to prescribe any pain medication on May 2, 2013. However, there is no indication that Plaintiff requested any such medication from Defendant Rodriguez or that Defendant Rodriguez was involved in any examination or treatment of Plaintiff. Rather, Plaintiff alleges that it was Defendant Carpenter who provided treatment on May 2, 2013. For these reasons, Plaintiff fails to state a cognizable claim against Defendant Rodriguez.

**IV.     Conclusion and Order**

Plaintiff fails to state a cognizable section 1983 claim against any of the named defendants. Despite being provided with multiple opportunities to amend his complaint, Plaintiff has been unable to cure the identified deficiencies. Instead, Plaintiff has resorted to omitting factual allegations or including his exhibits in an effort to state a claim. Such omissions may run afoul of Federal Rule of Civil Procedure 11(b), which requires that Plaintiff's factual allegations have evidentiary support and that his amended complaint not be presented for any improper purposes, such as to cause unnecessary delay. Further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). Accordingly, Plaintiff's complaint is HEREBY DISMISSED for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated:   **November 16, 2016**          /s/ *Barbara A. McAuliffe*
                                     UNITED STATES MAGISTRATE JUDGE